Good morning, may it please the court, the dismissal order, the letter needs to be expressly expressed. I'm going to go ahead and ask for a motion. Your case is, you think there was confusion over whether it was worth it without prejudice? Absolutely. Well, why didn't you have the same burden to go to the district court then and say, there's confusion, you need to clarify? We did do that. We did that in our motion for attorney's fees. Absolutely. 1270 to 72 in the record below. And you can see that for three pages in Graphon's motion for attorney's fees, we have left out the confusion.    So, I'm not going to stress this issue. I just want to stress the issue of this order. Well, you asked the court to correct it. And what you say is, while the court didn't specifically state the dismissal was about prejudice, it is evident based on the facts and law in this case, the dismissal was with prejudice, making it a final judgment on Graphon the prevailing party. That's right. So you indicate that it's your conclusion and belief that this dismissal is with prejudice. You don't tell the court there was confusion and ask them to correct it. Well, we did actually in footnote two. Now, you said, should the court want to further clarify its order to specifically state the dismissal of prejudice, how about you say, it's your belief the dismissal that he did was already with prejudice? And in footnote two, you say, oh, you should the court want to specifically state what you believe is already true about the order, it could do so. How does that, and a request asking the court to clarify, you didn't even ask the court to do it. You said, should the court want to. So how does that satisfy the standpoint to put this properly before us? Sure. I think you have to look at the circumstances as a whole. Graphon was faced with a vague order. We made very clear that that order was vague. If you'd be, in the beginning of the argument, we state that the order doesn't say whether it's with or without prejudice. The point we were making was a simple one, is that it had to be with prejudice. That's what the case law required. But it's a third. You know, in fact, you would have. I'm not sure why you didn't make this argument to them, but I, because, you know, both the Fifth and the Ninth Circuit have explicitly held that if an order is silent, it is without prejudice. Not that it's with prejudice, but explicitly, both explicitly held. Now, the Fourth Circuit, even though you didn't bring this to my knowledge, when you research it, didn't address that exact issue. But both the Fifth and the Ninth have said, whenever an order is silent, it is to be interpreted as without prejudice. So I think you have a legitimate basis to make the argument. The problem is I don't see where you made the argument and preserved it for us on the field. Well, you're wrong again. I think, first of all, the law is very clear under the Beverly Hills case that any post-trial motion that raises the issue of an order's correctness is a 59E motion.     In the Fifth and the Ninth. In the Fifth and the Ninth. In the Fifth and the Ninth. Well, again, I think that when you read the three pages where we addressed this issue, we addressed it three ways to some extent. We indicated, first of all, that the order did not specify with or without prejudice. We argued that it should be with prejudice. We argued, alternatively, that if it was without prejudice, then it would still be the prevailing  Then, we invited the Court to clarify. Under those circumstances, faced with a bad order, Grafton did everything that it could to bring this issue to the Court's attention. You could have found a motion asking for clarification of the order. Well, you didn't have to. Burying in a footnote a question about the Court may have got to you. It's the mood so it strikes them. Correct this to make it clear. It doesn't... If you didn't do everything you could have, whether you did enough, this is what we really want to argue. Well, you did everything you could have faced with this order. And let's not forget... Did you file a motion for correction? Well, you are the one who requires to file a formal motion for correction. But you're telling me you did everything you could have. We believe we did the right thing under the circumstances. Absolutely. Again, when you look at the fact pattern that arose prior to this order, essentially what we had was a summary judgment motion that had not been responded to, a letter was sent to the judge by Jennifer's counsel, followed by a motion dismissed with a covenant not to sue. And that motion was vague, telling the Court that if it was a Real 31 motion, it needed to be with prejudice. If it was a civil jurisdiction motion, it could be without prejudice, and then giving a proposal in it. We were never given the opportunity to respond to that motion. A complete denial of due process and an abuse of discretion. So, we received this vague order, but we never had a chance to respond to it. We had a motion for attorney's fees TEDA. We've been talking about that for a long time in this case. And based upon those circumstances, we brought the motion for attorney's fees gave our best interpretation of that order, as we saw that it needed to be with prejudice and that it probably was with prejudice, and then indicated that if it needed to be clarified, the Court needed to clarify it with prejudice. So, you never made that motion, that a request to Court to clarify it at that point in time. Specifically saying, Your Honor, your order is vague, doesn't specifically state whether it's with prejudice or without prejudice. Could you please clarify the order, period. State it for me. Did not bring the best shot to the Court? No, Your Honor. High sense 2020, but we felt that under the circumstances that we pointed out all these issues to the Court. That the order did not state whether it was with prejudice or without prejudice. It doesn't have a footnote. No, actually not. Again, I'm inviting the Court to read the argument on 1278 to 1272 as a whole. And as I previously argued, we hit all the issues. We indicated in the very beginning that it did not indicate whether it was with or without prejudice. We then argued that it should be with prejudice, and that's how we're reading it, because that would be the right thing to do in this case. We also made an alternative argument that if it's without prejudice, we still believe we were the preferring party. And we invited the Court to clear it up if the Court thought that it needed to do that. And we think that under the Federal Rules case, that we raised an issue concerning the correctness of that order. That's all we had to do. That's what it is to do that to satisfy 1598. And we did it. Now, we asked this Court today to adopt a bright-line rule for covenants, and I think I mentioned that earlier. Essentially, that a covenant not to sue that terminates an infringement suit must result in a dismissal with prejudice. And that's a very important issue, because a dismissal with prejudice  under a highly-reputed law, and I recognize that case. I don't think so, Your Honor. We can believe that, but clearly highway equipment is a case that said that there was a covenant not to sue and a dismissal with prejudice, and that gave the party, in that case, prevailing party status. Okay? So we don't know at this juncture whether a covenant not to sue alone will give prevailing party status. The Federal Circuit's very clear that if you have a dismissal with prejudice, you've got it. But the issue that has not really been add-on is whether or not a covenant not to sue alone is sufficient to give prevailing party status. That issue hasn't been decided. And our view is, is that a bright-line rule is appropriate because when you look at a dismissal with prejudice and compare it to a covenant not to sue, they're saying the same thing. Essentially, you're terminating the lawsuit, the case for patent infringement. They're completely consistent that it needs to logically follow. Did the lower court decide whether you were a prevailing party? No. It's not a fact, Your Honor. That's still in play. It's still in play. It's still before them. They haven't made the decision. Absolutely. We have a cost motion. It's still outstanding. And this issue that we're arguing here today is still very much alive. Judges are arguing that it's without prejudice. There's a jurisdictional dismissal. We're arguing that it's with prejudice. And it is on the merits because of covenant not to sue. The court has never decided that issue. Well, why don't we just wait until the cost motion gets to us on appeal, which, I mean, how are we supposed to decide whether you're a prevailing party in the first instance if the lower court hasn't done it yet? Well, we've certainly thought about it. It's a question of fact, right? Whether you're a prevailing party? Probably a mixed question of fact, Your Honor. Yes. But there's no indication... What precedent do you have for the mixed question? On the issue of prevailing party? Yeah, whether or not someone is a prevailing party. I would cite the court to hire a president in Powell and Moss, federal circuit cases. So, our view is that... And we have no idea when the court's going to decide that. How can we decide a question that the lower court hasn't, even if it is mixed, well, in fact? We can't decide facts. We're in a Powell forum. Well, I think the issue is before the court with respect to the motion for attorney's fees and raising this 59U issue on the correctness of the judgment So, it's in play right there. That it needed to be... The order of dismissing this case needed to be with prejudice. That issue was squarely before this panel. If you're asking us to establish a right-wing rule saying that whenever a dismissal is premised upon a covenant not to sue, it automatically becomes with prejudice. Yes, Your Honor. Absolutely. That's what we're asking for. The Supreme Court has told us not to apply bright-line tests at any of the patent law, right? So, are you telling us that we apply a test here for review by the Supreme Court? Well, I think there's strong precedent for this. I think Highway Equivalent was a case that was very close. Well, Highway Equivalent really speaks to the issue of with prejudice, doesn't it? It does. Really, a covenant not to sue resulting in a dismissal with prejudice below and then that is affirmed by the court. And there was a full analysis of a covenant not to sue and a dismissal with prejudice conveying prevailing party status and a right motion for attorney's fees under 285. Thank you. I was going to say if I have three minutes for rebuttal, Your Honor, so I'll make it pass off. Your Honor, do you think we should have a bright-line test? No, Your Honor, for at least the following reasons. For one, this court has held that the issue of whether a dismissal is with or without prejudice is a matter committed to the regional circuit courts. So by definition, I don't think this court could, certainly a panel of this court could not hold that that was a matter for the federal circuit to resolve as a national issue. Have we ever resolved that before? That's where? Mountainside? Well, the cases we cited in our brief at pages 33 of the... I'm sorry. Highway Equivalent is dealing with a slightly different issue and that is does a dismissal, a 41A dismissal where the court says it is with prejudice affect the ability of a court to go into the Buchanan analysis that the Supreme Court went into in terms of an award of fees? That's a question of... In my view, that's a question of interpretation of Section 285, not a question of interpretation of the effect of a judgment, which is something that comes up in cases not involving patents all the time. But a covenant not to sue. I mean, when you enter a covenant not to sue and then you ask the court to issue a dismissal, why isn't it presumed that that's a 41A2 voluntary dismissal by the plaintiff's request? Why isn't it presumed that that dismissal is with prejudice? Otherwise, if you're saying the dismissal is without prejudice, then why don't they have a right to say there's still a case of controversy? Well, as I read this court's Dow Jones opinion, for example, what the court is saying is a covenant not to sue is affecting the subject matter jurisdiction of the court. And to me, that's implicating Rule 12B1. In the first instance, that's the most logical rule to go to. When there's subject matter jurisdiction called into question, that's the first place I would look is Rule 12, not Rule 41. Subject matter jurisdiction isn't completely called into question. The court can still decide the attorney's fees motions, the cost motions. It's not like your entrance of the covenant not to sue and it's the ability of the district court to act in this proceeding. And I think that's true generally. I think when you have jurisdiction, whether you have mootness or standing or ripeness or whatever the constitutional issue is, the district court is not stripped of its ability to look at any issue in the case. Here's my problem, Mr. Rankin. Suppose district courts, and we both know that when a district court issues a claim construction order, nine times out of ten it decides infringement. It may not be in the context of a summary judgment. They may not decide infringement, but the parties both go back and they know who's going to win at the end of the day on infringement because most of the time claim construction is dispositive. So suppose the district court issues a claim construction order. It is now crystal clear that your party is going to prevail. And so the other side quickly, in advance of your summary judgment, says, well, I'll give you a covenant not to sue. He dragged your client through the mud, made you go through the claim construction marking hearing, which had to have been very expensive for them. You prevailed. It's clear you were willing to win under the claim construction. No reasonable person could have concluded to the contrary. They probably would have even admitted or stipulated to it and let it come up to us. You see my facts. I'm troubled by the notion that in that context a covenant not to sue could deprive them of prevailing party status under your presumption that it should be ruled under 41A, B, 2, whatever. You know what I'm saying. So there's no jurisdiction. So I'm troubled by that. What do you think we ought to do about that? I don't think we've argued that a covenant not to sue per se strips the court of its ability to look at prevailing party status. That's not the argument we've made. We never said, for example, that the issue of fees or costs for whether it was dispositive or whether it was with or without prejudice. I think you have to look at the underlying nature of the dismissal. And I think Chris in this court certainly has encouraged covenants not to sue. Parties may decide for whatever reason they don't want to continue in the litigation. We should have mechanisms that avoid The infringement is de minimis or something like that. Or, you know, the party ran out of money. I mean, there could be lots of reasons that don't have some subjective negative implication to them. It doesn't automatically make them a prevailing party, though. Whatever reason you back out of the litigation, you backed out and you promised that you won't sue them again, you dragged them into court, you made them go that far, and then you gave up and you surrendered. Why doesn't that make you the loser and then the winner? But remember, there's also exceptional case requirements as well. I mean, it's not just prevailing party. And frankly, court construction is a great example of that. Well, exceptional case requirements are yet another reason you might be entitled to fees, but it doesn't focus on the one reason we're deciding now, which is why aren't they automatically the winner and you the loser, simply by virtue of the covenant not to sue that you gave them? Because I think you have to look at the underlying issues at play. Claim construction, as I was going to say, is a great example because lots of claim construction decisions made by district courts get overturned on appeal. And a party may decide, you know what, I could fight this all the way up on appeal and I might win. I might lose. You know, there's a decent shot either way. I think you have to look at what the nature of the claim construction fight is, in fact, and look at the reasonableness of the dispute. Here, in this case, for example, there is a simple vehicle for Graphon to have all of these arguments about the frivolousness, the alleged frivolousness of our case adjudicated. Simply file your attorney's fees motion on time. They waited too late. That's why we're here. Had they done that, we wouldn't be having this debate. The district court judge would have had his opportunity to evaluate their arguments about how weak or how strong our case was and that would have been adjudicated. Well, that's not what happened. They waited too long. They missed the deadline. And they filed their paper outside the time frame for doing it. A very clear time frame and rules. And an issue on which computation is, frankly, quite simple. And, you know, we wouldn't be sitting here having these academic debates about how strong or how weak the case was. The district court would have had its opportunity to say, you know what? This was a close case or this wasn't a close case. I'm going to decide whether you're the Bavarian party or you're not the Bavarian party, and then I'll decide whether I'm going to award fees or not. Simply because a party issues a covenant not to sue doesn't hipso facto mean I'm headed for a fees award. There's lots of reasons why parties would do it. So if the court doesn't award fees... You left where the district court could decide right now except for the cost. That's it, Your Honor. The district, they timely filed an application for costs in the amount of about $8,000. That's the issue that's left before the district court. If Your Honors have no further questions, I have nothing further to add. Thank you. Just a few brief rebuttal points. Your Honor, just going back to your quick... Going back quickly to your point concerning the pre-Bavarian party issues still being alive with respect to the cost. Really what we have before the court is somewhat of a different issue. And the way it's phrased is this needs to be a dismissal with prejudice. Obviously, if the court does that, then we will be a pre-Bavarian party. But what's below and what's before the court are distinct right now on that issue. If, in fact, the court did apply full circuit law, it still needs to be a dismissal with prejudice. And the court abuses discretion in not making it with prejudice, even under full circuit law. The Mueller case that we cite evaluates four factors. And the court hit on a few in the area. First is the graph I incurred great expense. This case was seriously advanced. We were just on the cusp of knocking it out on summary judgment. Experts, lots of depositions. The case was in a late stage. The cutting came late in the litigation. Our major complaint in this case is that there was no due diligence done before they filed this shotgun case. They should have known that there was no infringement when they filed it. That was one of the basis for the motion for internecies. So that came very late in the litigation. And you just can't ignore the cutting of the suit. Even the full circuit would have to consider that as an issue. And clearly, focusing on what that cutting encompassed and where it came in terms of the stage of litigation, a dismissal with prejudice was required. One last point. My colleague indicates that the reason we're here is because the motion was filed a bit late, the motion for internecies. Actually, we're here because they drafted a vague order. That's why we're here. If the court had allowed us to file an opposition to that proposed order and to the motion, many of the same arguments that I'm making here today would have been made and we would not have been here. This case would not be before this court. Thank you. The case is submitted. All rise. The court is adjourned tomorrow morning at 10 o'clock a.m. Good job. Nice to see you.